UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UVALDO J. RUIZ,

   Plaintiff,

v.               Case No. 1:24-cv-1176
                 Hon. Paul L. Maloney
COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.

_____/

## REPORT AND RECOMMENDATION

*Pro se* plaintiff filed a complaint in Michigan's 17th Circuit Court for the Kent County which challenges the suspension of his Social Security benefits which occurred in November 2013. *See* Compl. (ECF No. 1-1, PageID.4). Plaintiff filed the complaint more than a decade later on or about October 4, 2024. *Id*. at PageID.5. Defendant removed this matter to this Court. *See* Notice of Removal (ECF No. 1). This matter is now before the Court on defendant's "Motion to dismiss or alternatively for summary judgment" (ECF No. 10). The motion is unopposed.

### I.  Plaintiff's claim

Plaintiff filed a one-page complaint which challenges the suspension of his Supplemental Security Income (SSI) which occurred over a decade ago in 2013. *See* Compl. (ECF No. 1-1, PageID.4). The record reflects that defendant suspended plaintiff's SSI because he was convicted of crime while receiving the disability benefits and imprisoned for a number of years.

1

According to agency records attached to defendant's motion, plaintiff was eligible for SSI in November 1997. *See* Joseph Starr Decl. (ECF No. 11-1, PageID.33).[1]  On May 30, 2013, plaintiff pled guilty in this Court to the felony crime of assault with a dangerous weapon in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(3).  *See United States v. Ruiz*, 1:12-cr-132 (W.D. Mich.) (ECF Nos. 448, 450).  On October 8, 2013, the Court sentenced him to 42 months in custody, 3 years of supervised release, and a $100.00 special assessment.  *Id*. (ECF Nos. 672, 691).

Plaintiff's benefits ceased because he was convicted of a crime and sent to prison pursuant to 42 U.S.C. § 1382(e)(1), which provides that an individual is not eligible for SSI "with respect to any month if throughout such month he is an inmate of a public institution" unless an exception applies.  *See* 20 C.F.R. § 416.211 (precluding eligibility for SSI benefits "for any month throughout which you are a resident of a public institution as defined in § 416.201"); 20 C.F.R. § 416.1325 (requiring suspension of benefits under these circumstances); 20 C.F.R.  § 416.1335 (requiring termination of benefits when they have been continuously suspended for a 12-month period).

Defendant advised plaintiff of the suspension in an SSI "Notice of Planned Action" dated November 13, 2013 (ECF No. 11-2, PageID.36).  Among other things, the Notice advised plaintiff: that from November 1, 2013, his monthly payments will be changed to "$0.00" and that his payments will stop beginning on December 1, 2013.  *Id*.  The Notice explained that the payments are changing because plaintiff entered a facility in October 2013 and that he will be in the facility for each full month commencing November 2013.  *Id*.  Plaintiff was advised the SSI

---

[1] Joseph Starr is an RSI Program Specialist at the SSA.  PageID.32.

2

payments are stopped for each month that:

> You are a patient for a full month in an institution run by the Federal, State, or local government.  This includes some hospitals, nursing homes, other care facilities, or prisons[.]

*Id*,

Plaintiff was also advised on the time to file an appeal of the decision. *Id*. at PageID.38.  Plaintiff was advised on how to proceed, "If You Disagree" with the Notice:

> If you disagree with this decision, you have the right to appeal. A person who did not make the first decision will decide the appeal. We call this appeal a reconsideration. When you appeal, we review your entire case, even the parts with which you agree. We consider any new facts we have and then make a new decision. The new decision could be more favorable, less favorable, or the same as the one you already have.

Notice at PageID.38. Plaintiff was further advised that he had 60 days to file an appeal.  *Id*. Plaintiff was also advised on "How To Appeal", the three types of appeal, how to obtain help with an appeal, and where to obtain information ("If You Have Questions").  *Id*. at PageID.38-40.  The SSA mailed this notice to both plaintiff and his "representative payee".  *Id*. at PageID.36-37.  *See* Notice to "Yolanda Ruiz for Uvaldo Jesus Ruiz" (ECF No. 11-3).

## II.    Motion to dismiss

### A.  Legal Standard

Plaintiff's claim contests the SSA's November 13, 2013 action discontinuing his SSI benefits.  As part of his claim, plaintiff included a one-sentence allegation that the SSA's action violated his constitutional right to due process.  Defendants filed a combined motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, and in the alternative for summary judgment.  Despite the name of the motion, this is essentially a motion to dismiss

3

plaintiff's one-page complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[2]

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Finally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008). As

---

[2] Defendants do not develop lack of jurisdiction or summary judgment in a meaningful manner.

discussed, *supra*, defendant's motion to dismiss included records and a declaration which address

plaintiff's SSI claim at issue in this lawsuit.

> **B.** **Discussion**

> **1.** **Plaintiff did not appeal defendant's action**

The Court construes plaintiff's complaint as contesting the agency's November 13,

2013 discontinuance of benefits.[3]  Defendant seeks to dismiss the complaint because plaintiff filed

the lawsuit without exhausting the agency's administrative review process for appealing the

decision.  Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which

provides in pertinent part that:

> Any individual after any *final decision* of the Commissioner made after a hearing
> to which he was a party . . . may obtain a review of such decision by a civil action
> commenced within sixty days after the mailing to him of notice of such decision or
> within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).  The Supreme Court has recognized that "[t]his provision

clearly limits judicial review to a particular type of agency action."  *Califano v. Sanders*, 430 U.S.

99, 108 (1977).  *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of

Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein

provided.").

The Supreme Court explained the administrative review process in *Smith v.*

*Berryhill*, 587 U.S. 471 (2019):

> [C]laimants must generally proceed through a four-step process before they can
> obtain review from a federal court.  First, the claimant must seek an initial
> determination as to his eligibility.  Second, the claimant must seek reconsideration

---

[3] The Court notes that plaintiff alleged, among other things, that the agency "revoked" or wrongfully terminated his SSI benefits, that the agency breached its fiduciary duty to "reissue my disability benefits with back pay", and that the agency was negligent by "[f]ailing to follow up on my case and address the wrongful termination of my benefits in a timely manner".  *See* Compl. at PageID.4.

of the initial determination.  Third, the claimant must request a hearing, which is conducted by an ALJ.  Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council.  *See* 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

*Smith*, 587 U.S. at 475-76.  The regulations further provide that such a civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual[.]" 20 C.F.R. § 422.210(c).

Based on the agency's records attached to defendant's motion to dismiss, there is no evidence that plaintiff took any steps to appeal the November 13, 2013 Notice.  As Mr. Starr stated:

> 8. There is no indication that [plaintiff] or his representative payee filed an administrative appeal of the suspension of his benefits described in the November 2013 Notice of Planned Action.
>
> 9. [Plaintiff's] eligibility for SSI was subsequently terminated due to the continuous suspension of his benefits. See 20 C.F.R. § 416.1335 (requiring termination of benefits when they have been continuously suspended for a 12-month period).

Starr Decl. at PageID.34.   In short, there is no final decision for this Court to review pursuant to 42 U.S.C. § 405(g).  Accordingly, plaintiff's claim contesting the "Notice of Planned Action" should be dismissed.

### 2.    Plaintiff did not allege a plausible constitutional claim

Plaintiff also claims that defendant violated his due process rights.  Section 405(g) does not serve as a jurisdictional bar for the "adjudication of colorable constitutional claims". *Collins v. Commissioner of Social Security*, 742 Fed. Appx. 94, 96 (6th Cir. 2018).  *See Califano*, 430 U.S. at 109 ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such

questions"). Here, plaintiff has not alleged any facts to support a "colorable constitutional claim"

against defendant. Rather, plaintiff makes a conclusory allegation of constitutional harm:

> Violation of Due Process: The SSA revoked my Social Security Disability benefits [*i.e.*, SSI] around November 2013 without providing adequate notice or an opportunity to be heard, thereby violating my right to due process under the Fifth Amendment of the United States Constitution.

Compl. at PageID.4. Plaintiff repeated this claim stating, "[f]ailing to follow up on my case and

address the wrongful termination of my benefits in a timely manner [r]evoking my benefits without

due process" and "[t]he SSA's failure to provide adequate notice and an opportunity to contest the

revocation of my benefits deprived me of my right to due process." Plaintiff's due process claim

is nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which

is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, plaintiff's

constitutional claim should be dismissed.

### III.    Recommendation

For these reasons, I respectfully recommend that defendant's motion to dismiss

(ECF No. 10) be **GRANTED** and that this action be **DISMISSED**.

Dated: February 10, 2026                    /s/ Ray Kent
                                            RAY KENT
                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).